MIGUEL F. CHIQUÉS-MARTÍ, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 615. Submitted April 28, 1925.—Decided July 24, 1925.

1. RECORD OF TITLE—LIEN—CANCELLATION—INTERESTED PARTY.—A grantor who by a deed of conveyance binds himself to cancel certain existing liens that encumbered the property sold, though not a *party* within the meaning of articles 388 (*a*) and 388 (*b*) of the Mortgage Law (Laws of 1923, p. 36), is at least the representative of the other for soliciting the cancellation of said liens.

2. ID.—ID.—CONTRACT.—The character of a contract must be determined by its general tenor and effect gathered from its terms and provisions rather than by the name given to the instrument.

3. ID.—ID.—MORTGAGE—RENT CHARGE.—A so-called mortgage securing a rent charge (*capellanía*), which has all the earmarks of an annuity as distinguished from a mortgage, is an encumbrance whose cancellation is governed by Law No. 12 of 1924 and not by the last paragraph of article 388 (*b*) of the Mortgage Law.

Registry of Property of Caguas, L. Marqués, R. Decision denying petition for cancellation of liens. *Reversed in part.*

Appellant and respondent appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In a writing duly subscribed before a notary Miguel Chiqués stated that he was the owner of an undivided eight-ninths interest in certain real estate, describing it, and that the first and second entries made in the registry of property with reference to such property showed the same to be subject to specified liens, the cancellation of which was requested in accordance with articles 388 (*a*), paragraph (*c*), and 388 (*b*), final paragraph, of the Mortgage Law.

The registrar refused to comply with the request so made—

". . . . because the petitioner, Miguel F. Chiqués Martí, according to the registry, is neither a party nor representative of a party as required by Act No. 12 of August 29, 1923, inasmuch as the property is recorded in the name of Celestino Pérez y Fernández as to

eight and a half ninths undivided parts and in the name of Chiqués Carrión as to the remaining half ninth part; and also as to the cancellation of the mortgage securing a rent charge (*capellanía*), because this is one of the liens. included in Act No. 12 approved June 25, 1924.''

[1] The registrar concedes that Chiqués was the owner of the undivided interest in question at the time the document first above mentioned was signed, but it seems that before the same was filed in the registry a deed of conveyance from Chiqués had been executed and recorded.

It also appears that the instrument last above mentioned contained the following clause:

''Second.—Of the total value of the three groups of property mentioned, representing $33,901, the vendors admit having received $32,901 to their entire satisfaction from the purchaser, Celestino Pérez y Fernández, the balance of $1,000 remaining in the hands of the aforesaid purchasers as a voluntary deposit by the vendors—spouses Chiqués Torres—to secure a solemnly contracted obligation by them to cancel the mention of the mortgage bond in the registry of property created by Pascual Borrás in favor of the Municipality of Caguas to answer for the employment of funds by Manuel Capetillo, and the mortgage executed by said Borrás to secure the sum of $1,000 . (*macuquinos*) which he acknowledged to be a rent charge (*capellanía*) destined to 'Our Lady of the Candelaria,' Celestino Pérez Fernández covenanting to repay to Miguel Chiqués, or to his lawful successors, the said $1,000, object of the bailment, as soon as the cancellation of the aforesaid encumbrance is legally shown.''

Articles 388 (*a*) and 388 (*b*) of the Mortgage Law, the same being sections 1 and 2 of an Act approved on August 29, 1923, laws of that year, Special Session, page 36, in so far as pertinent to any question herein, read thus:

''Section 1.—On written application of a party or of the representative of such party, authenticated before a notary, the Registrars of Property shall proceed to cancel in the respective register:

''(*a*) Mentions of mortgages, annuities (*censos*), and of other rights covering the payment of money or deferred payment of the price of purchase and sale of real property, whether recorded in the old or modern books of the registry, where more than twenty

(20) years have elapsed since the entry of the respective mentions, when the interested party does not request the entry of the right mentioned, within one year after the date on which this Act takes effect, or when such party, within said term, brings suit claiming his rights, and enters them in the registry.

\*          \*          \*          \*          \*          \*          \*

"(c) Entries of bonds secured by mortgages to guarantee the faithful performance of public duties, when executed in favor of the State, a municipality or any government institution or officer, and provided such bonds shall have been given for over twenty (20) years, unless the registrar is notified by competent authority within a term of six (6) months after this Act takes effect, that the officer in whose favor such bond was given is holding office or that claims are pending by reason of said office.

\*          \*          \*          \*          \*          \*          \*

"Section 2.—Any natural or artificial person who is the owner of real estate encumbered by mortgage liens overdue for twenty (20) years or constituted for that time if they have no term, may file with the court of the district where such property, or the greater part thereof, is located, a petition requesting the cancellation of said mortgage, and the judge of said court shall order the citation of the creditor to appear in said court within ten (10) days, if it is served in the district, and within twenty (20) days, if outside the district but in the Island, and within forty (40) days, if outside of the Island, to show cause why said mortgage should not be cancelled.

\*          \*          \*          \*          \*          \*          \*

"On the lapse of one year from the date on which this Act takes effect and on petition of the aforesaid interested parties, registrars shall cancel the mortgage referred to in this section, without need of any notice whatever, if the filing of suit to recover the same or the subsistence of such liens is not shown in the registry."

A year later, Laws of 1924, page 108, paragraph (a), section 1, *supra*, was amended to the extent indicated by the following extract:

"Mentions of annuities (censos) shall not be cancelled in the old or new books of the registry when the interested party requests a transfer of the entry or mention of the right mentioned to the modern books of the registry within a term of two years counting from the day on which this Act takes effect, or within said term brings suit

claiming his right and enters said suit in the registry; *Provided further*, That——

\*     \*     \*     \*     \*     \*     \* ''

Article 6 of the Mortgage Law as amended by the Laws of 1923, page 212, provides that—

''The record of instruments in the registry may be demanded without distinction——

''By the person conveying the right;

''By the person acquiring it;

''By any person interested in rendering secure the right to be recorded;

''By the legal representative of any of the foregoing or by verbal mandate of any of them.''

Commenting upon the same article of the Spanish Mortgage Law, Morell, at page 10 of his second volume, says:

''Article 6 is applicable to entries, cancellation and annotations, as well as to records. All these entries can be obtained without distinction by the persons mentioned in said article.''

Construing articles 388 (*a*) and 388 (*b*) in the light of article 6 as interpreted by Morell and with due regard for the general purpose, spirit and trend of recent legislation along the lines above indicated, we are constrained to agree with appellant that the vendor herein, if not a ''party'' within the meaning of the statutory provisions above quoted, was at least the ''representative'' of a party by virtue of the express stipulation contained in the deed of conveyance.

It follows that the registrar erred in refusing to cancel the mention of a lien to secure the obligation of an official bond.

[2, 3] But we can not concur in the second proposition submitted by appellant, to wit, that it was equally erroneous—

''To hold that the recording of a mortgage in favor of the Parish of Caguas is an encumbrance, the cancellation of which is regulated by Act No. 12 of June 25, 1924, and not by the last paragraph of Art. 388 (*b*) of the Mortgage Law.''

Without going into details it will suffice to say that the

so-called "mortgage" referred to in the latter portion of the ruling now complained of has all the earmarks of an annuity as distinguished from a "mortgage" and that the character of the contract must be determined by its general tenor and effect gathered from its terms and provisions rather than by the name given to the instrument by the notary who drafted it or by the registrar who recorded it.

The registrar therefore made no mistake in classifying the lien as an annuity. Manresa, Vol. XI, Ed. 1911, page 34.

We are inclined to agree with the registrar that it was not the purpose of the Legislature to bestow upon mere "mentions" made in either the old or the modern books a greater privilege or a higher rank than that accorded to the full, complete and more formal entries involved in the recording of property rights of a sort identical with those referred to in such "mentions."

The ruling appealed from, in so far as the capacity of appellant as a "party" or the "representative of such party" entitled to demand the relief sought by him is concerned, must be reversed and, to the extent of the refusal to cancel upon the record the lien characterized by the registrar as an annuity, affirmed.